COPY

1  Melvin T. Sharpe, Jr., Esquire, Lead Counsel
   (PA Attorney ID Number 43312) Pro Hac Vice
2  2836 W. Harold Street
3  Philadelphia, PA 19132
   (267) 514-7289/e-mail: toosharpeesq@aol.com
4  Lead Counsel for Plaintiff
5
6  Jeff Berke, Esquire, Local Counsel
   State Bar Number 101574
7  11620 Wilshire Blvd., Suite 800
8  Los Angeles, CA 90025
   (310) 235-2009/Fax (310) 235-2029
9  e-mail: jeffberke@yahoo.com
10
                                    CV10 4528    PA  (RZx)
11

12      IN THE UNITED STATES DISTRICT COURT FOR THE CENTRAL
                    DISTRICT OF CALIFORNIA
13

14  RICKY D. ROSS, an Individual a/k/a RICK ROSS : CV-10-
    and "FREEWAY RICK ROSS",  Plaintiff         :
15                                              :
16              vs.                              :
17                                              :
18  WILLIAM LEONARD ROBERTS, II, p/k/a RICK ROSS : DATE:
    MAYBACH MUSIC GROUP, DEF JAM RECORDINGS, LLC,:
19  SHAWN CARTER, also known as "Jay-Z",         :
20  UNIVERSAL MUSIC GROUP a/k/a UMG RECORDINGS,   :
    INC., SLIP-N-SLIDE RECORDS, JANE & JOHN DOES  : TIME:
21                    Defendants                  :

22  **EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER**
23

24  1.  Plaintiff Ricky D. Ross a/k/a "Rick Ross", a U.S.
25
26  citizen and resident of the State of California in Los
27  Angeles County initiated this action through counsel and
28  filed a Verified Complaint and demand for judgment

CV-127 (09-09)

1  versus above-captioned Defendants William Leonard

2  Roberts II, an individual, a/k/a & d/b/a RICK ROSS,

3
   Maybach Music Group, a fictitious entity, Def Jam
4
5  Recordings LLC, a Delaware company, Shawn Carter a/k/a

6
   "Jay-Z", an individual, UMG Recordings, Inc. a/k/a
7
8  Universal Music Group, and Jane and John Does, who

9
   wrongfully benefited from, profited off of and exploited
10
11 Plaintiff RICK ROSS' name, infringed on Plaintiff's

12
   trademark and name, defrauded the public, violated the
13
14 Lanham Act, and continues to Plaintiff's name unlawfully

15 in commerce, which unlawful use Plaintiff moves to stop

16
17 by seeking immediate injunctive relief to stop

18 Defendants' future unlawful exploitation of the RICK

19
20 ROSS' name in commerce and prohibiting ANY 2010 **RICK**

21 **ROSS** Album, CD, music, release, sales or name use

22
   commercially by prohibiting shipping products to
23
24 distribution outlets, radio and retail stores, digital

25
   outlets like I-Tunes, by a prohibitory injunctive Order
26
27 of this Court, to preserve and protect Plaintiff's

28 rights, limiting Defendants from

1  causing future irreparable harm by using Plaintiff's

2  name until a future Preliminary Injunction hearing is

3  held.

4

5  2.    Plaintiff Ricky D. Ross also known as "Rick Ross" or

6  "Freeway Rick Ross", at all times relevant hereto, was

7  an allegedly famous major drug dealer from Los Angeles,

8

9  CA, in the 1980 and 90's before his arrest, prosecution,

10

11 and conviction then incarceration in 1995 and RICK ROSS'

12 drug dealer reputation was established in his real name,

13

14 "RICK ROSS", which name has significant commercial value

15 in rap music, urban crime, and the Black community.

16

17 Plaintiff's Verified Complaint establishes that

18 defendants exploited, misappropriated, dominated,

19

20 controlled and used Plaintiff name "RICK ROSS"

21 illegally, knowingly, maliciously, with the intent to

22

23 benefit from Plaintiff's name in commerce, without

24 Plaintiff's consent and without compensating him,

25

26 and that immediate irreparable injury has occurred, will

27 occur to Plaintiff before a hearing can be held in

28

CV-127 (09-09)                              3

court, because Defendants are planning to release a summer 2010 "RICK ROSS" album imminently, as proven by a promo video.

Defendants Roberts, Def Jam, Universal, Jay-Z, SlipNSlide Records and others financially exploited RICK ROSS' name since 2006 profiting to the "tune" of millions illegally.

3.   Defendants violated Plaintiff's trademark and Lanham Act laws under 15 U.S.C. Section 1125(a), Section "43A", and 15 U.S.C. Section 1125(c) Section "43(c)", and unfair competition, false advertisement and false designation of origin, and false endorsement provisions, and other laws, and Defendant Roberts attempted to register his trademark using RICK ROSS' name with the U.S. Patent and Trademark Office(USPTO), but it was denied each time he filed, and the USPTO issued a "final refusal" to Roberts from using the RICK ROSS name, by final action on October 19, 2009,then Defendants violated Plaintiff's right to publicity under California law, and committed other common law and

1  statutory violations, conspiracy, breaches of duty, and

2  Defendants were unjustly enriched by their unlawful

3

4  usage of Plaintiff's name, in commerce, and despite

5  Plaintiff's 2006 lawyer's cease letters while Plaintiff

6

7  was in prison and since 2006, Defendants violated the

8  trademark laws.

9

10  4.   Plaintiff has probable cause to prosecute his claims

11

12  against Defendants documented in the Verified Complaint.

13

14  5.   Defendant William L. Roberts II, a full-time college

15  student in 1995 when Plaintiff was sent to prison, later

16

17  in 1996 became a Dade County, FL correctional officer in

18  Miami, a fact he denied initially to uphold his gangster

19

20  image which he falsely took from Plaintiff's real life,

21  got involved in the rap music business, and began using

22

23  Plaintiff's real name RICK ROSS and image, as his name,

24  and in 2006, Roberts big hit record "Hustlin" exploded,

25

26  and Def Jam and Universal wrongfully, and maliciously,

27  promoted Roberts as RICK ROSS the ex-major drug dealer,

28

and Defendants seized financial control of Plaintiff's

name and identity, with Defendants Def Jam and Universal

Music Group financing Roberts and commercial

exploitation of Plaintiff's RICK ROSS name, for millions

of dollars.


. United States Patent and Trademark Office ("USPTO")

name search records show a USPTO "Final Refusal" issued

to Defendant Roberts denying him trademark registration

to use the RICK ROSS name, but Defendants use the name!



. Def Jam and Universal Music Group, primary financial

Defendants, who owed a duty of care to Plaintiff and all

intellectual property rights holders, ignored

Plaintiff's 2006 lawyer's letters to "cease and desist"

from use, and Def Jam and Universal have similarly

avoided Plaintiff's 2010 lawyer's letter to "cease and

desist" from any use of Plaintiff's name in commerce, so

now Plaintiff has no choice but to seek injunctive

relief against Defendants' unlawful, unauthorized use of

Plaintiff's name in music, and in interstate commerce in

the present, and scheduled future unlawful use of Plaintiff's name in commerce, that must be enjoined by this Court's action or Defendants may continue to unlawfully exploit Plaintiff's name, identity and reputation for Defendants' sole financial benefit, as if Plaintiff, and the USPTO had consented to the unlawful scheme concocted by the Defendants, so clearly injunctive relief is appropriate, because Plaintiff's harm cannot be adequately addressed only by a money damage action at law which would not deter nor prevent Defendants' future use.

8.   Defendant Roberts and Defendants directly, knowingly used Plaintiff's RICK ROSS name and identity in commerce, and interstate commerce, willfully and maliciously, for commercial gain, misappropriated Plaintiff's name and the value associated with it without Plaintiff's consent, and after applying for and being denied a name use trademark, Defendants continued and intensified their efforts to use and commercially

1  exploit Plaintiff's name and refused to communicate with

2  Plaintiff or his counsel, and corrective

3

4  action is needed to force Defendants and Roberts to stop

5  exploiting and using Plaintiff's name when they have no

6

7  LEGAL or other rights to use Plaintiff's RICK ROSS name.

8

9  9.  Defendants know they have no right to the RICK ROSS

10  name, but Defendants plan to commercially release a 2010

11

12  Roberts as "RICK ROSS" album "Teflon Don" featuring Jay-

13  Z according to the published release schedule in June,

14

15  2010 and Plaintiff is asking this Court to specifically

16  enjoin and prohibit Defendants from releasing summer

17

18  2010 "RICK ROSS" album featuring Defendant Roberts or

19  using the name "RICK ROSS" at all in ringtones, music

20

21  downloads, online, at commercial retail or wholesale

22  distribution outlets,(e.g. Walmart, CDBaby, FYE, ITunes,

23  in video games, etc.)as a prohibitory injunction,

24

25  pending hearing, due to the irreparable harm caused to

26  plaintiff Rick Ross by actions of the Defendants,

27

28  requiring immediate injunctive relief.

10. Recently released from prison, Plaintiff is touring urban communities, schools, juvenile homes, adult drugs and alcohol recovery centers and motivational speaking to youth and adults about his life, and the dangers of crime and drugs, and this type of positive action is what Rick Ross wants his name to represent in the future, as well as his commercial activities like his new movie deal, as he is a changed man, who wants to use his name for good.

11. Preliminary and permanent injunctive relief is what Plaintiff demands against the Defendants, to prohibit the continuous and present and future use of Plaintiff's name "RICK ROSS" in commerce, change the unlawful status quo, and stop imminent release of Defendants' RICK ROSS album.

12. Plaintiff demands legal fees and costs be ordered to be paid by Defendants due to Defendants' knowing, willful infringement of Plaintiff's name for Defendants'

unlawful gain and intentional failure to honor the USPTO decision.

13. Defendants have been unjustly enriched by their uses of Plaintiff's name in commerce and interstate commerce, without USPTO authorization or the Plaintiff's consent, and Defendants will continue to exploit Plaintiff's name unless ordered to STOP or cease operations regarding use!

14. Plaintiff secured past and present lawful use of his RICK Ross name in commerce with movies and entertainment, first in 1999 with the movie "100 KILOS", plus his life story movie which was recently optioned for production, and is being produced by vet Nick Cassavettes in 2010.

15. Plaintiff demands expedited disclosure of discovery by Defendants which action is duly warranted, appropriate and just under the circumstances for expedited discovery and computer forensics analysis of Defendants' records.

16. Plaintiff's claims for equitable, injunctive relief are primary, and designed to prevent Defendants from the continued exploitation of Plaintiff's name for unlawful commercial benefit, and compel respect for our courts.

17. The Court may enter this Temporary Restraining Order without written notice to adverse party, or its attorney, because specific facts in legal declaration and Verified Complaint shows that immediate and irreparable injury to Plaintiff will result if Defendants release their summer RICK ROSS album before the adverse party can be heard in opposition, and Plaintiff's attorney certifies in writing that he gave notice of this potential litigation to the Defendants' Def Jam, and Universal's Business and Legal Affairs Departments by certified mail letters, dated May 19, 2010 and marked as received on May 25, 2010, but no attorney nor official responded to letters, so Plaintiff lacks knowledge as to who Defendants' attorney is thus notice of this TRO should be required, in accordance

no with Rule 65(b)(1) of the F.R.C.P. and Central District Rules.

18. Plaintiff can demonstrate the substantial likelihood of success on the merits of the underlying claims made in Plaintiff's Verified Complaint, because Defendants are in direct violation of USPTO decision of 'final refusal' to register the RICK ROSS name in favor of Defendant Roberts who has been using the name for years and Plaintiff hired a lawyer that gave Defendants notice of his objections to Defendants' unlawful use of his name in October, 2006 and Defendants avoided the written notice to cease letters in and never responded in writing in 2006 and again in 2010. Plaintiff has material evidence that in 1999 he was first to engage in the lawful use of his name in commerce, in entertainment, by approving a lawful movie based upon his life titled "100 KILOS" that was released and is for sale in stores since 2001, and Plaintiff's name RICK ROSS has acquired a secondary meaning, that of a (ex) drug dealer.

19. Plaintiff fulfills or meets the basic procedural and substantive requirements of every legal test for a prima facie claim within every count of the Verified Complaint.

20. Equity compels a remedy for the unlawful acts of the Defendants, who will cause irreparable harm to Plaintiff if they are allowed to continue their willful misconduct and exploitation of Plaintiff's name in commerce, and to disregard the USPTO's decision, and not respond in good faith, but act in violation of their duties in bad faith.

21. Plaintiff can show questions going to the merits so serious, substantial, difficult and doubtful, as to make them a fair ground for litigation, like "Have Defendants knowingly and willfully exploited Plaintiff's name in bad faith? or "Did Defendant Roberts initially select "RICK ROSS" name to benefit from the value of its prior use?

22. Money alone cannot compensate Plaintiff for his loss and Defendants must be stopped from profiting unlawfully from releasing the RICK ROSS summer 2010 album "Teflon Don", when the owner of the RICK ROSS name cannot benefit from sale of the album which is likely to cause much more confusion in the entertainment marketplace about whether RICK ROSS is involved in Defendants summer album project.

23. Roberts and Defendants had free reign over RICK ROSS name while Plaintiff was in prison, but now that he's out of jail the public interest and public good would best be served by the Court clearing up any confusion before" an album is released, and sending a message that respect for the law, and the rule of law, is paramount over the money since Defendants already made millions off Plaintiff name and equity compels a remedy for unaccounted past wrongs.

24. The balance of hardships weighs heavily in favor of

Plaintiff, because the Defendants will suffer no undue burden, harm or damage to their "lawful" interests in the entertainment industry by being unable to use Plaintiff's name in commerce because Defendants benefited unlawfully for four years, however Plaintiff will suffer permanent loss of the value of his name, if the Court allows this unlawful use, and greater economic damages, legal fees, and irreparable harm which cannot be compensated for by money damages shall occur if this preliminary injunction is not granted by the Court, and money prevails over law.

25. Granting the injunction will serve the public good, and the interest of justice and fairness by requiring the compliance with laws and rights of intellectual property rights holders like the Plaintiff who regardless of their station in life are entitled to protections under our law and the free exercise of their constitutional, and basic, commercial right to exploit the commercial value of one's own name, image and reputation, and injunction will serve the public

1  interest by avoiding commercial confusion, and

2  balancing Defendants' private interests in making money,

3

4  with Plaintiff's valid interest in making sure his

5  rights are not being further violated while money is

6

7  being made.

8

9  26. Delay defeats equity, and Plaintiff did not delay in

10  seeking redress for violation of his name rights when he

11

12  was released from prison in November, 2009, and

13  Plaintiff acted promptly within six(6) months of

14

15  release, _lawfully_ raised the funds to secure private

16  legal counsel, comply with his daily obligations,

17

18  obtained whatever was needed for trial, and made efforts

19  to negotiate in good faith.

20  27. Plaintiff is requesting consolidated hearings under

21

22  Federal Rules of Civil Procedure, Rule 65(a)(2) to save

23  the Court's time, eliminate wasteful spending, conserve

24

25  judicial resources, and limit the number of hearings to

26  resolve the issues involved in this case prior to trial.

27

28  28. Although granting of a temporary restraining order

CV-127 (09-09)

16

is an extraordinary remedy, and a right to relief must

be clear and unequivocal, Plaintiff is justified herein,

as Plaintiff has suffered a continuing wrong and

inequitable treatment, plus economic deprivation, and

his entitlement to extraordinary relief is well

established on the facts of this case, where Plaintiff

has existing damages, and irreparable harm, but the

imminent threat of future harm from the intended release

of Defendants' 2010 "RICK ROSS" "Teflon Don" album is

compensable under 15 U.S.C. Section 1114(1)(b), and

extends far beyond the marketplace to the

courtroom, and the public image of the judiciary.

Justice can't allow infringers to make it appear as if

courts are for sale, and only injunctive relief in

Plaintiff's favor can stop this and compel fundamental

fairness and equity.

29. Plaintiff's ex parte motion for temporary restrain-

ing order does not prejudice Defendants, and Plaintiff

is limited to the requested relief only because parties

contacted by Plaintiff's attorney pre-litigation, chose not to respond at all to Plaintiff's attorneys, leaving no lawyer for Plaintiff to negotiate with on Defendants' side of the table, making the classic ex parte scenario.

30. Plaintiff's demand for injunctive relief serves to freeze the past wrongs and separate them from the present and future, to determine and distribute liability to the proper parties within the relevant time periods, and not mix all the issues and parties into a more complex issue.

31. Most importantly the public good is served by courts upholding the rule of law, deciding issues based on law, and not making decisions based on the financial status of the parties particularly when very public cases are being litigated and respect for the law and courts is at issue.

Respectfully Submitted,

Melvin T. Sharpe, Jr., Esquire
Counsel for Rick Ross

Date: June 15, 2010

CV-127 (09-09)

18

## **DECLARATION OF MELVIN T. SHARPE, JR., ESQUIRE**

COMMONWEALTH OF PENNSYLVANIA   :
                                                  :
City and County of Philadelphia:

1.   <u>Melvin T. Sharpe, Jr., Esquire</u>, a U.S. citizen, PA resident and licensed attorney at law duly sworn under law, declare and state that I am litigation counsel for Plaintiff Ricky D. Ross a/k/a "Rick Ross" in the above matter, and I make this declaration of my own personal knowledge, and if called as a witness, I could testify competently to all the facts that are contained herein.

2.   On May 19th, 2010, I sent a "Cease and Desist" and "Litigation Hold" certified mail letter to Defendants, Def Jam Recordings and Universal Music Group informing them that Plaintiff would file an *Ex Parte* Application for Temporary Restraining Order and Order to Show Cause (Ex Parte application) in June, 2010, which letter was signed for and received by "N. Aguilar" on May 25, 2010 but no one responded to my May 19, 2010 letter at all. I haven't given Def Jam, Universal Music Group, William Roberts or the other Defendants notice of this Ex Parte Application because immediate and irreparable harm will result to Plaintiff between my notice and TRO issuance.

3.   As evidenced in detail in the Verified Complaint, Defendants and others have been exploiting, illegally using and commercially profiting off Plaintiff's name "Rick Ross" in interstate commerce and music, and using Plaintiff's name for Defendant Roberts' rap name, in a direct violation of Plaintiff's trademark rights, name, rights to publicity and Lanham Act rights among others.

4.   Defendants, who are difficult to contact, have been informed of potential action by Plaintiff two times, so no notice is needed, and if the wealthy Defendants were given notice they might release Roberts' 2010 RICK ROSS summer album Plaintiff seeks to enjoin immediately, and proceed with their future unlawful plans before the TRO is issued, so that they would not have been violating a court Order by releasing a RICK ROSS summer 2010 album, and any such action would result in immediate harm and irreparable injury to Plaintiff's commercial interests. I declare under penalty of perjury and relevant US law, 28 U.S.C. Section 1746, that the foregoing is true and correct. Executed this 14th day of June, 2010, Phila.,PA

Melvin T. Sharpe, Jr., Esquire

20