Melvin T. Sharpe, Jr., Esquire
msharpeesq@aol.com
PA Attorney ID Number 43312
2836 West Harold Street
Philadelphia, PA 19132
Tel.(267)514-7289/Fax(310)400-7240

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

RICKY D. ROSS, an Individual, also known as : CIVIL ACTION
"RICK ROSS or "FREEWAY RICK ROSS", Plaintiff:
: CV-10-4528 PA(RZx)
VS.
WILLIAM LEONARD ROBERTS, II, an Individual, :
also known as and d/b/a "RICK ROSS"
MAYBACH MUSIC GROUP, a DEF JAM label :
DEF JAM RECORDINGS, LLC :
SHAWN CARTER, an individual, also known as :
"Jay-Z" and formerly as President of DEF JAM:
UNIVERSAL MUSIC GROUP, known as UMG:
RECORDINGS INC., a Delaware corporation :

JANE DOES/JOHN DOES 1-9, entities unknown:
AT LAW AND

DEFENDANTS IN EQUITY

**MEMORANDUM OF POINTS AND AUTHORITIES**

INTRODUCTION

Plaintiff Ricky D. Ross a/k/a "Rick Ross" files his Memorandum of Points and Authorities in support of Verified Complaint, Application for Temporary Restraining Order, Preliminary Injunction and Perm-

anent Injunction against William Leonard Roberts II d/b/a "Rick Ross" and Maybach Music Group, Def Jam Recordings LLC, Shawn Carter aka "Jay-Z", Universal Music Group a/k/a UMG Recordings Inc., and Jane and John Does who unlawfully exploited and profited off of using Plaintiff's RICK ROSS' name in commerce, since 2006 without Plaintiff's consent and violated Plaintiff's valid but unregistered trademark rights under the federal Lanham Act, and California right to publicity, amongst other violations of federal, state and common law, that compels the Rick Ross to request immediate and permanent injunctive relief, to stop Defendants and others yet to be named from releasing a summer 2010 Roberts as RICK ROSS album, due to be released imminently. Plaintiff sues for intellectual property rights holders.

## STATEMENT OF FACTS

Plaintiff's Verified Complaint establishes that Rick Ross the former drug kingpin from LA, had his name taken and exploited by Defendants for millions

of dollars, while Plaintiff was in prison, and the Defendants aided William Roberts, the rapper who goes by Plaintiff's name, illegally, knowingly and maliciously, willfully in bad faith intentionally, and misappropriated, and unjustly profited from the unlawful use of Plaintiff's name in commerce, for entertainment purposes. A music industry plot aided and abetted, and orchestrated by four big names in music today, Universal, Def Jam, Jay-Z and Roberts, who each benefitted unlawfully by their conspiracy to steal Plaintiff's name and identity, and value, in the Black rap, urban crime and entertainment community nationally, and Defendants further plan to release a 2010 "Roberts" Rick Ross album soon, which Plaintiff's legal team is seeking to enjoin.

## ARGUMENT

A. Plaintiff is Likely to Succeed on the Merits on trademark Infringement, Lanham Act and other claims

In the <u>Ross v. Roberts et al.</u> case at bar, Plaintiff Ricky D. Ross a/k/a "Rick Ross" proves

that he Will likely succeed on the merits of each and every Count in Plaintiff's Complaint, three trademark infringement claims under the Lanham Act, at 15 U.S.C. Section 1116(a), which 'vests district courts with the power to grant injunctions according to the principles of equity and upon such terms as the court may deem reasonable, to prevent violation of any right of the trademark owner…". <u>Perfume bay.com v. Ebay, Inc.</u>, 506 F.3d 1165 (9th Cir.2007). Four elements necessary to prove any Temporary Restraining Order("TRO") or Preliminary Injunction are: generally likelihood of success on the merits of the underlying claim, irreparable harm, balance of the hardships, and whether the granting of an injunction will serve the public interest. In the trademark infringement area, Plaintiff has proven that he owns a valid trademark, and that Defendant used that established mark without his consent, in commerce in connection with the sale, distribution or advertising of any goods or services, where such

use is likely to cause confusion, mistake or deceive, referred to as the "likelihood of confusion" test which varies slightly throughout the federal circuits. Since this matter is in the Ninth Circuit which governs California courts, most, if not all, of the cited authority will come from Ninth Circuit cases. Often, "likelihood of confusion" alone is sufficient grounds for an injunction under the Lanham Act. See <u>Pacific Telesis v. International Telesis</u> 994 F.2d 1364, 1369 (9th Cir. 1993), also remarkable for selection of name use with an "intent to benefit from the goodwill and reputation acquired by plaintiff through its prior use" argument, Id. at 167, because Plaintiff claims Defendant Roberts specifically used Plaintiff's name for the goodwill and reputation acquired by Plaintiff through its prior use, albeit 15 years of "unlawful" prior use in commerce in the illegal drug trade, which does not count in the calculation of "use in

commerce" in the trademark sense, because the said "use" must be lawful. However, in Plaintiff's Complaint, we distinguish the "lawful" use in commerce in the trademark sense from Plaintiff's unlawful commercial activities which ceased in 1995 with his final imprisonment, and thereafter in 1999, Plaintiff was first to use his unregistered trademarked "Rick Ross" name in "lawful" commerce when he authorized from prison his name to be used in a commercial movie about his story, called "100 KILOS", which movie was released for sale in 2001, a copy of which Plaintiff's family bought recently at a local retailer but which Plaintiff never got his fee for. Still, this movie represents two important factors: first "lawful" use of the Rick Ross name in commerce, and first "lawful" use by Rick Ross of anything in commerce. Back to the likelihood of confusion "trademark" test analysis.

It is instructive to note that each sub-area under

1  Lanham Act federal trademark law, 15 U.S.C. Sec.
2  1125(a) known as Section 43A which applies to
3
4  unregistered and registered marks, 1125(a) false
5  advertising, 1125(a) false designation of origin,
6
7  1125(a) unfair competition and 1125(c) dilution,
8  known as 43C, all areas are established as prima
9  facie, valid substantive claims in Plaintiff's
10
11 complaint and for purposes of brevity, we will not
12 go through every claims' test herein, but suffice to
13
14 say that Defendants' actions fall within each of
15 these areas, which will be proven at the
16
17 preliminary injunction hearing or in pre-trial
18 briefs if required by the Court. Some claims under
19
20 the federal trademark and unfair competition mirror
21 state claims that are not pleaded herein, but
22
23 Plaintiff may amend Complaint to add state claims
24 under the Federal Rules of Civil Procedure. In
25
26 Brookfield Communications v. West Coast, 174
27 F.3d 1036, 1046 (9th Cir. 1999), "a Plaintiff is
28 entitled to a preliminary injunction in a trademark

case when he demonstrates <u>either</u> a combination of probable success on the merits and the possibility of irreparable injury or the existence of serious questions going to the merits and that the balance of hardships tips sharply in his favor."

Hereinabove, I state several "serious questions" going to the merits regarding Plaintiff's first "use in commerce" of his real name Ricky Ross or its derivative "Rick Ross" that establish Plaintiff as the "senior user" under the <u>Brookfield</u> analysis and thus Roberts' later and unlawful use, before and after he teamed with Defendants, created likelihood of confusion. <u>Brookfield</u> at 1047 states that "the party claiming ownership must have been the first to actually use the mark in the sale of goods or services", and "first to use a mark is... "senior" user and has the right to enjoin junior users from using confusingly similar marks in the same industry and market or within the senior user's natural zone of expansion." In <u>Chance v. Pac-Tel Teletrac</u>

Inc., 242 F.3d 1151, 1158-9(9th Cir. 2001), the Court held that "deciding a question of first use, a court should examine the totality of the parties' activities, citing New West Corp. v. NYM Co. of Calif., Inc., 595 F.2d 1194, 1200(9th Cir.1979) and citing both Brookfield and New West, the Court held "trademark rights can vest even before any goods or services are actually sold if the totality of one's prior actions taken together, can establish a right to use the trademark." In Plaintiff's case, the totality of his prior actions of unlawful use for 15 years, then first "lawful" use in 1999 with the '100 Kilos' movie, established his trademark. Rearden LLC v. Rearden Commerce, Inc., 597 F.Supp. 2d 1006 (N.D.Cal. 2009) proves that Plaintiff fits the tests for senior user of "RICK ROSS" trademark rights, and he has a valid protectable interest in his name. Also, there are serious questions that go to the merits. In preliminary injunction analysis, the Supreme Court in Winter v. Natural Res. Def.

Council, _U.S._, 129 S.Ct. 365, 374-76, 172 L.Ed.2d 249 (2008) established that "likely to succeed on the merits, ...likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that injunction is in the public interest" is the test for granting an injunction. Plaintiff met threshold requirements stated in <u>McDermott v. Ampersand Pub., LLC</u> 593 F.3d 950(9th Cir. 2010) because the USPTO issued a "final refusal" to Defendant Roberts for Rick Ross, and Plaintiff establishes first use, and first lawful use, in commerce, Ross gave notice letters to the Defendants that they ignored and continued unlawful commercial use, and equity and the public interest in upholding intellectual property rights, favors Plaintiff. In the absence of preliminary relief, the release of Defendants' 2010 Roberts "Rick Ross" album will subject Plaintiff to irreparable harm, and Plaintiff's name will be exploited if the 2010 album isn't enjoined. Defendants suffer no harm

*[signature]*
Attorney for Plaintiff
Rick Ross

CV-127 (09-09)    10