SEND

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-4528 PA (RZx) | Date | June 24, 2010 |
|---|---|---|---|
| Title | Ricky Ross v. William Roberts, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:**   IN CHAMBERS – COURT ORDER

Before the Court is an Ex Parte Application for a Temporary Restraining Order filed by plaintiff Ricky D. Ross ("Plaintiff") (Docket No. 3).  Plaintiff filed the Application at the same time he filed his Complaint.  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument.

Plaintiff, who is known as Rick Ross and "Freeway Rick Ross," was incarcerated beginning in 1995 for his role in running a major drug distribution enterprise during the 1980s and 1990s.  Plaintiff was released from prison in late 2009.  Defendant William Leonard Roberts II ("Roberts") is a rap musician who performs professionally under the name "Rick Ross."  Additional defendants Maybach Music Group, Def Jam Recordings, LLC, Island Def Jam Music, Shawn Carter (known professionally as "Jay-Z"), UMG Recordings, Inc., and Slip-N-Slide Records (collectively the "Corporate Defendants") are in one way or another responsible for the production and distribution of Roberts' recordings.  According to the Complaint, Roberts and the Corporate Defendants have infringed Plaintiff's intellectual property rights in the name "Rick Ross" by using the name to market Roberts and his music.  In so doing, according to Plaintiff, Roberts and the Corporate Defendants have improperly capitalized on the notoriety and gangster credibility of Plaintiff's name to market Roberts' music.

Plaintiff alleges that in 2006, while he was still in prison, his lawyer sent cease and desist letters to Def Jam Recordings.  The Complaint alleges that defendants ignored Plaintiff's warnings and continued to use "Rick Ross" to promote Roberts' music.  Approximately six months after being released from prison, Plaintiff's current lawyer wrote to Def Jam Recordings in May 2010 and requested that defendants cease using "Rick Ross" in connection with Roberts and his music.  When Plaintiff did not receive a response to that request, he commenced this action and filed his Ex Parte Application for a Temporary Restraining Order.  Plaintiff's Complaint purports to assert claims for:  (1) common law and federal trademark and tradename infringement; (2) violations of the Lanham Act; (3) unfair competition under the Lanham Act and California law; (4) violations of Plaintiff's rights to privacy and publicity under California statutory and common law; (5) common law misappropriation of name and likeness under California common law; (6) fraud and fraudulent misrepresentation; (7) collusion and conspiracy

SEND

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-4528 PA (RZx) | Date | June 24, 2010 |
|---|---|---|---|
| Title | Ricky Ross v. William Roberts, et al. | | |

to defraud; (8) tortious interference with business relations; (9) unjust enrichment; (10) negligence; and (11) equitable relief.

The Ex Parte Application seeks an order from the Court prohibiting defendants from using the name "Rick Ross" without Plaintiff's consent.  Plaintiff contends that the May 2010 letter to defendants excuses Plaintiff from any requirements that he provide defendants with notice of the Ex Parte Application.  Plaintiff further contends that he is entitled to the relief he seeks on an expedited basis because defendants plan to release Roberts' next album during the Summer of 2010.

The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction.  See Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co., 887 F. Supp. 1320, 1323 (N.D. Cal. 1995).  To obtain a preliminary injunction a plaintiff must show (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm if the preliminary injunction is not granted; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. Winter v. Natural Res. Def. Council, Inc., 555 U.S. __ , 129 S. Ct. 365, 374, 172 L. Ed. 2d 249 (2008); Stormans, Inc. v. Selecky, 571 F.3d 960, 977 (9th Cir. 2009).  Notably, in Winter, the Supreme Court expressly disapproved the Ninth Circuit's prior standard for granting a preliminary injunction because it allowed an injunction to issue based on a "possibility" of irreparable harm.  555 U.S. at __, 129 S. Ct. at 375.  The Supreme Court clarified that "the Ninth Circuit's 'possibility' standard is too lenient.  Our frequently reiterated standard requires plaintiffs seeking preliminary relief to demonstrate that irreparable injury is likely in the absence of an injunction."  Id.; see also id. at __, 129 S. Ct. at 375-76 ("Issuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with our characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief.").

A plaintiff's delay in seeking relief weighs against granting a temporary restraining order or preliminary injunction.  See Oakland Tribune, Inc. v. Chronicle Publ'g Co., 762 F.2d 1374, 1377 (9th Cir. 1985) ("Plaintiff's long delay before seeking a preliminary injunction implies a lack of urgency and irreparable harm"); Lydo Enters., Inc. v. City of Las Vegas, 745 F.2d 1211, 1213 (9th Cir. 1984) ("A delay in seeking a preliminary injunction is a factor to be considered in weighing the propriety of relief"); Hi-Rise Technology, Inc. v. Amateurindex.com, 2007 WL 1847249, at * 4 (W.D. Wash. June 27, 2007) ("Such a long delay in seeking relief weights against granting a temporary restraining order or a preliminary injunction.").  To justify ex parte relief, "it must be established that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect."  Mission Power Eng'g Co. v. Continental Cas. Co., 883 F. Supp. 488, 492–93 (C.D. Cal. 1995).

Moreover, "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972, 117 S. Ct. 1865, 1867, 138 L. Ed. 2d 162 (1997).  A plaintiff faces an exceedingly high burden when seeking such relief on an ex parte basis.  See Mission Power, 883 F.

**SEND**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-4528 PA (RZx) | Date | June 24, 2010 |
|---|---|---|---|
| Title | Ricky Ross v. William Roberts, et al. | | |

Supp. at 492 (to justify <u>ex parte</u> relief, "the evidence must show that the moving party's cause will be irreperably prejudiced if the underlying motion is heard according to regularly noticed motion procedures"). Indeed, the Ninth Circuit recently reiterated, that "courts have recognized very few circumstances justifying the issuance of an ex parte TRO." <u>Reno Air Racing Ass'n, Inc. v. McCord</u>, 452 F.3d 1126, 1131 (9th Cir. 2006).

  Plaintiff has provided no satisfactory explanation for why he delayed for approximately four years before filing this action and seeking injunctive relief on an Ex Parte basis. At a minimum, Plaintiff's delay in seeking injunctive relief establishes that there is no "emergency" justifying relief from the Court's regular motion requirements. <u>See</u> Local Rule 6-1; <u>see also</u> <u>Mission Power</u>, 883 F. Supp. at 492. Nor has Plaintiff established his entitlement to the injunctive relief he seeks without notice to defendants. <u>See</u> Fed. R. Civ. P. 65(b); Local Rule 7-19.2. The Court therefore denies Plaintiff's Ex Parte Application for a Temporary Restraining Order without prejudice to its being filed as a regularly-noticed motion.

  IT IS SO ORDERED.

:

Initials of Preparer