SEND

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 10-4528 PA (RZx) | | Date | July 13, 2010 |
|---|---|---|---|---|
| Title | Ricky Ross v. William Roberts, et al. | | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Paul Songco | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS – COURT ORDER

Before the Court is a Motion for Reconsideration filed by plaintiff Ricky D. Ross ("Plaintiff") (Docket No. 11). Plaintiff challenges the Court's June 24, 2010 order denying his Ex Parte Application for Temporary Restraining Order ("June 24th Order"). Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument.

Plaintiff, who is known as Rick Ross and "Freeway Rick Ross," was incarcerated beginning in 1995 for his role in running a major drug distribution enterprise during the 1980s and 1990s. Plaintiff was released from prison in late 2009. Defendant William Leonard Roberts II ("Roberts") is a rap musician who performs professionally under the name "Rick Ross." Additional defendants Maybach Music Group, Def Jam Recordings, LLC, Island Def Jam Music, Shawn Carter (known professionally as "Jay-Z"), UMG Recordings, Inc., and Slip-N-Slide Records (collectively the "Corporate Defendants") are in one way or another responsible for the production and distribution of Roberts' recordings. According to the Complaint, Roberts and the Corporate Defendants have infringed Plaintiff's intellectual property rights in the name "Rick Ross" by using the name to market Roberts and his music. In so doing, according to Plaintiff, Roberts and the Corporate Defendants have improperly capitalized on the notoriety and gangster credibility of Plaintiff's name to market Roberts' music.

The June 24th Order denied Plaintiff's Ex Parte Application for Temporary Restraining Order because, among other reasons, "Plaintiff's delay in seeking injunctive relief establishes that there is no "emergency" justifying relief from the Court's regular motion requirements." (June 24th Order, p. 3.). The Court further concluded that Plaintiff failed to established his entitlement to the injunctive relief he sought without notice to defendants. The Court therefore denied Plaintiff's Ex Parte Application for a Temporary Restraining Order without prejudice to its being filed as a regularly-noticed motion. A little more than two weeks after the Court issued its June 24th Order, Plaintiff has filed his Motion for Reconsideration. In violation of Local Rule 6-1, which requires that motions to filed at least 28 days prior to the hearing date, Plaintiff has filed the Motion for Reconsideration on just 10 days notice. Moreover, in violation of Local Rules 5 and 6, no proof of service was filed with the Motion for Reconsideration.

SEND

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-4528 PA (RZx) | Date | July 13, 2010 |
|---|---|---|---|
| Title | Ricky Ross v. William Roberts, et al. | | |

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000). A "motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." 389 Orange St. Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999); see also McDowell v. Calderon, 197 F.3d 1253, 1255 (9th Cir. 1999). Local Rule 7-18 further provides that a party may bring a motion for reconsideration only by demonstrating:

> (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision. No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.

Local Rule 7-18.

Plaintiff's Motion for Reconsideration fails to satisfy the procedural requirements for such a motion. Plaintiff has not presented newly discovered evidence. Nor has Plaintiff contended that there has been an intervening change in controlling law. Instead, Plaintiff appears to argue that the Court committed clear error by concluding that Plaintiff failed to satisfy the requirements for the issuance of injunctive relief without notice to the opposing party. Contrary to Plaintiff's unsupported assertions, the Court concludes that it did not commit clear error by denying the Ex Parte Application for Temporary Restraining Order without prejudice to its being refiled as a regularly-noticed motion. For this reason, along with Plaintiff's violation of the Local Rules by failing to provide a proof of service with its Motion for Reconsideration, the Court denies Plaintiff's Motion for Reconsideration.

Although not captioned are argued as such, the Motion for Reconsideration could be considered an Ex Parte Application for an Order Shortening Time for the Hearing on a Motion for Preliminary Injunction. Plaintiff has failed to satisfy the procedural requirements for such an Ex Parte Application. Specifically, the Court notes that at least some of the defendants are corporate entities that should not be difficult to locate and serve with the Summons, Complaint, and motion papers filed by Plaintiff. Indeed, although Plaintiff has filed a proof of service indicating that he has served defendant Universal Music Group with the Summons and Complaint, Plaintiff did not serve that defendant with the Motion for Reconsideration. Therefore, to the extent that the Motion for Reconsideration could be construed as an Ex Parte Application for an Order Shortening Time, that Ex Parte Application is denied without prejudice as a result of Plaintiff's failure to Comply with the Local Rules and because, as the Court

**SEND**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-4528 PA (RZx) | Date | July 13, 2010 |
|---|---|---|---|
| Title | Ricky Ross v. William Roberts, et al. | | |

ruled previously, Plaintiff has not established entitlement to the issuance of injunctive relief without providing notice to the opposing side  See Fed. R. Civ. P. 65(b); Local Rule 7-19.2.

    IT IS SO ORDERED.

                                                                               Initials of Preparer